# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

EDWIN LOPEZ,

          Plaintiff,

    v.

BURRIS LOGISTICS CO.,

          Defendant.

No. 3:12 - CV - 1039 (CSH)

NOVEMBER 6, 2013

## RULING ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR EXTENSION

**HAIGHT, Senior District Judge**:

In this consolidated action, plaintiffs Edwin Lopez, Richard Lester, Ryan Montalvo, and Jonathan Valdes (collectively "Plaintiffs") seek recovery from their former employer, defendant Burris Logistics, Inc. ("Burris" or "Defendant"), for their wrongful terminations on February 21, 2012, one day following a water main break at Defendant's Rocky Hill warehouse, causing water to cover and freeze upon the warehouse floor, creating a slippery, hazardous condition.[1]

The Court herein rules on the following two pending motions: (1) Defendant's Motion to Dismiss against plaintiff Edwin Lopez for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) [Doc. 36]; and (2) Plaintiffs' motion for an extension of time to file opposition papers to Defendant's

---

[1] Although the caption of the Complaint names the Defendant as "Burris Logistics Co.," the Defendant refers to itself in these proceedings as "Burris Logistics, Inc." Therefore, despite conforming to the caption of the formal docket, the Court recognizes "Burris Logistics, Inc." as the Defendant in this Ruling.

motion for summary judgment [Doc. 42].

I.    **Defendant's Motion to Dismiss Claims of Plaintiff Edwin Lopez for Failure to Prosecute [Doc. 36]**

Pursuant to Federal Rule of Civil Procedure 41(b), Defendant has moved to dismiss the claims of plaintiff Edwin Lopez on the grounds of failure to prosecute.[2]  Doc. 36.  In this unopposed motion, Burris  asserts that plaintiff Lopez has failed to comply with the deadlines established under Rule 16, adopted as modified by the Court from the parties' Rule 26(f) Report [Doc. 19] and set forth in the Court's Scheduling Order (entered October 19, 2012)[Doc. 20].[3]  Specifically, Lopez has failed to provide opposing counsel with his damages analysis by December 15, 2012.  In addition, Lopez has failed repeatedly to respond to Burris's "First Set of Interrogatories and Requests for Production" (served April 1, 2013 with a response date of June 1, 2013) [Doc. 36, ¶¶ 5 - 9].  *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); *Id.* 34(b)(2) (A) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served.").

---

[2]  Rule 41(b), captioned "Involuntary Dismissal," provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

[3]  *See*  D. Conn. L. Civ. R. 16(b) (captioned "Scheduling Orders") (mandating that "[t]he schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause").

Burris's counsel further represents that "[f]ollowing repeated communications regarding Mr. Lopez's delinquent discovery responses, on August 19, 2013 counsel for Mr. Lopez advised [him], via telephone, that despite attempts by mail and by telephone to contact Mr. Lopez, Mr. Lopez's present whereabouts are unknown and [his counsel] has been unable to contact Mr. Lopez for an undisclosed, but significant, period of time." Doc. 36, ¶ 10.   Thus, upon representation of Defendant's counsel, and absent refutation by Lopez's counsel, it appears that Lopez  may no longer be in communication with his counsel in this action.

On September 23, 2013, the Clerk filed a "Notice to Counsel/Pro Se Parties" directed to plaintiff Edwin Lopez, advising him that under Local Rule 41(a), "[i]n civil actions . . . in which deadlines established pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties."[4] As the Notice explained, if no action is taken subsequent to such notice "and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter a judgment;" and thus "[u]nless satisfactory explanation of why it should not be dismissed is submitted to the Court by October 15, 2013, [this case] shall be dismissed." Doc. 41 (citing  D. Conn. L. Civ. R. 41(a)).

Lopez has failed to respond to the Clerk's Notice [Doc. 41], requiring that he provide this Court with a satisfactory explanation for failing to meet case deadlines by October 15, 2013. Moreover, Lopez's counsel appears to concede that Lopez is no longer prosecuting this case.  In papers filed with the Court on October 15, 2013, Lopez's counsel, who is also counsel of record for

---

[4]  Local Rule 41(a) of this District is the  local corollary of Federal Rule 41(b) in that both rules provide for dismissal of an action if the plaintiff fails to prosecute or to comply with the applicable rules or a court order.  *See* D. Conn. L. Civ. R. 41(a).

all Plaintiffs in this action, did not include Edwin Lopez as one of the named plaintiffs.[5]  *See* Doc.

44-1 (proposed objection to summary judgment filed on behalf of plaintiffs Lester, Valdes, and

Montalvo), Doc. 44-2 (proposed memorandum of law filed on behalf of "The Plaintiffs, Richard

Lester, *et al*.").[6]  In a joint motion for extension of discovery deadlines filed the following day,

Plaintiffs counsel once again included only plaintiffs Lester, Montalvo, and Valdes.[7]  *See* Doc. 45.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b),  Defendant's motion to dismiss will

be granted. This matter will be dismissed with prejudice with respect to the claims brought by

plaintiff Edwin Lopez.


II.   **Plaintiffs' Motion for Extension to File Opposition Papers to Defendant's Motion for Summary Judgment [Doc. 42]**

All Plaintiffs have jointly moved for a nine-day extension of time within which to file

opposition papers to Defendant's "Motion for Summary Judgment." Doc. 42.   Pursuant to Local

Rule 7(b) of Civil Procedure, a party may move for an extension of time "for good cause."

Moreover, "the good cause standard requires a particularized showing that the time limitation in

question cannot reasonably be met despite the diligence of the party seeking the extension."  D.

Conn. L. Civ. R 7(b)(2).

---

[5]  Attorney Michael T. Petela, Jr. of Cicchiello & Cicchiello, LLP, is the attorney who has appeared for  all Plaintiffs in this action.

[6]  Unlike Doc. 44-1 and 44-2,  Doc. 44-3 is signed by counsel on behalf of "The Plaintiffs, Edwin Lopez, *et al*."  However, because Doc. 44-3 is the accompanying Rule 56(a)2 Statement – *i.e.*, one of three contemporaneously-filed proposed opposition papers to Defendant's summary judgment motion [Doc. 44-1 to 44-3], the inclusion of plaintiff Lopez above counsel's signature on that sole document was likely a clerical error.

[7]  The Court will  rule separately on the joint motion for extension of discovery deadlines [Doc. 45].

Plaintiffs herein request a nine-day extension of time to respond to Defendant's summary judgment motion [Doc. 37]  solely on the basis of their counsel's failure to calendar the deadline to file opposition papers.  *See* Doc. 42 ("Through inadvertent administrative error the deadline was not calendared.").  Plaintiffs' counsel suggests that his inadvertence may have occurred because "it is not common practice [for parties] to file summary judgment motions in employment cases well before the discovery deadline, which in this case is October 31, 2013."  Doc. 44, p. 1-2.   He also emphasizes that he discovered his error within three days after the filing deadline and "has taken action to correct such scheduling errors in the future."  *Id.*, p. 2.   Finally, attached to his Reply to Defendant's Response to the motion for extension [Doc. 44], he has submitted Plaintiffs' proposed opposition papers, including their proposed objection to Defendants' summary judgment motion, a supporting memorandum of law, and a Rule 56(a)2 Statement of facts.  Doc.  44-1 to 44-3 (filed October 15, 2013).

Defendant Burris has neither consented to nor opposed Plaintiffs' requested extension. Rather, Burris has "respectfully defer[red] to the Court to determine whether to allow the [P]laintiffs a nine-day extension."  Doc. 43, p. 1. Burris concurs that Plaintiffs' request was filed "only three days" after the deadline to file opposition papers expired,  leading  Burris to  concede that the "nine-day extension to October 16 to file an opposition memorandum does not prejudice Burris."  *Id.*, p. 2.

In ruling on the pending motion, the Court initially advises Plaintiffs' counsel that failure to take note of deadlines and negligence in general do not constitute "good cause" for an extension of case deadlines. *See, e.g., Odom v. Matteo*, 772 F.Supp.2d 377, 405 (D.Conn. 2011) (To modify a scheduling order, "'[g]ood cause' requires a greater showing than 'excusable neglect.' At a minimum,

good cause requires a showing by the moving party of an objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); *Moss v. Wyeth, Inc.,* 872 F.Supp.2d 154, 160 (D.Conn. 2012) (rejecting late filing of summary judgment motion because "[a] showing of 'good cause' requires a 'greater showing than excusable neglect.'") (quoting *Odom*, 772 F.Supp.2d at 405).  *See also Duval v. U.S. Xpress Enterprises, Inc.*, No. 03-CV-812 (DNH/DRH), 2005 WL 6021864, at *2 (N.D.N.Y. Oct. 13, 2005) (with respect to modification of a scheduling order, "[t]he mistake or inadvertence of counsel will not support a finding of good cause.").

Despite counsel's inadvertence with respect to a particular filing deadline, the Court may examine the totality of circumstances to determine whether "good cause" exists for an extension. *See In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011)(although factors such as prejudice to the opposing party, length of and reason for delay, and whether extension is sought in good faith "are the central focus of the inquiry, the ultimate determination depends upon a careful review of 'all relevant circumstances.'") (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))*.*

Under the present circumstances, the delay in filing was relatively brief, Burris acknowledges that it will not be prejudiced by the extension, and there is no indication that Burris questions the credibility of Plaintiffs' counsel or Plaintiffs' good faith.  Plaintiffs have in fact filed proposed opposition papers so that no further delay will ensue.  Doc. 44.  Moreover, the interests of justice favor the resolution of motions and claims on their merits, as opposed to resolution by procedural default. Therefore, in the interests of justice – *i.e.,* in light of the short duration of the extension sought, lack of prejudice to Burris, and Plaintiffs' actual filing of its proposed opposition papers on

6

October 15, 2013 –  the Court will grant the extension and thereby permit Defendant's summary judgment motion to be resolved on the merits.  *See, e.g.*, *Bronner v. Unum Life Ins. Co. of America*, No. C 03-05742 JF (RS), 2008 WL 4951031, at *2 (N.D.Cal. Nov. 18, 2008) (granting plaintiff's request for extension of time to file supplemental brief in opposition to summary judgment motion where court was "faced with counsel's straightforward acceptance of responsibility for a calendaring error," but defendants did "not question counsel's credibility and [did] not explain how they would suffer actual prejudice from an extension" and extension would be "in the continued interest of reaching a resolution [of the claims] based upon the merits rather than upon a procedural default"). *See also Galen Institute, LLC v. Comta*, 2004 WL 360377, at *4 (D.Conn. Feb. 25, 2004) ("in the interests of justice" the Court  "allow[ed] Defendants a reasonable chance to be heard on the merits" because "[a]lthough Plaintiffs ha[d] suffered some delay, they ha[d] not demonstrated any resulting prejudice from Defendants' counsel's actions").

Counsel are nonetheless reminded that case deadlines are mandatory; and extensions will generally not be granted on the basis of inadvertence.

Finally, the Court clarifies that this extension does not pertain to plaintiff Edwin Lopez in light of the contemporaneous dismissal of his claims for failure to prosecute.  Per dismissal, he is no longer a party to this action.   It is also noted, as discussed *supra*, that Plaintiffs' counsel did not include Lopez as a plaintiff in the bulk of the proposed opposition papers filed .

## III.   Conclusion

Defendant's Motion to Dismiss the claims of plaintiff Edwin Lopez in this consolidated action [Doc. 36] is GRANTED.  Pursuant to Federal Rule of Civil Procedure 41(b), plaintiff Lopez's claims in suit are hereby  DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment

for defendant Burris Logistics, Inc. with respect solely to Lopez's claims.  All other named Plaintiffs' claims remain pending.

Plaintiffs' Motion for Extension of Time to Object to Motion for Summary Judgment [Doc. 42] is GRANTED.  Accordingly, the proposed opposition papers submitted by Plaintiffs on behalf of  Richard Lester, Ryan Montalvo, and Jonathan Valdes are hereby deemed accepted by the Court and will be duly reviewed and considered in ruling on Defendant's motion for summary judgment.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        November 6, 2013

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE